# Supreme Court of Florida

_____

No. SC2023-1321

_____

**IN RE: AMENDMENTS TO FLORIDA RULES OF GENERAL PRACTICE AND JUDICIAL ADMINISTRATION.**

August 29, 2024

PER CURIAM.

The Florida Bar's Rules of General Practice and Judicial Administration Committee has filed a report proposing amendments to Florida Rules of General Practice and Judicial Administration 2.270 (Supreme Court Committees on Standard Jury Instructions), 2.425 (Minimization of the Filing of Sensitive Information), 2.430 (Retention of Court Records), 2.505 (Attorneys), 2.560 (Appointment of Spoken Language Court Interpreters for Non-English-Speaking and Limited-English-Proficient Persons), and 2.565 (Retention of Spoken Language Court Interpreters for Non-English-Speaking and Limited-English-Proficient Persons by Attorneys or Self-Represented

Litigants).[1]  The Committee also proposes the creation of a new rule, 2.150, titled "Self-Represented Litigants."

The Florida Bar's Board of Governors recommends acceptance of the proposed amendments.  The Committee previously published the amendments for comment in *The Florida Bar News* and received no comments.  Thereafter, we published the amendments for comment and received none.  Having considered the Committee's report, we amend the Florida Rules of General Practice and Judicial Administration as proposed by the Committee.

The amendments replace outdated language and legalese throughout the rules with more streamlined and straightforward language, to assist with comprehension and to conform with this Court's Guidelines for Rules Submissions.  *See In re Guidelines for Rules Submissions*, Fla. Admin. Order No. AOSC22-78 (Fla. Oct. 24, 2022).  The amendments also require a self-represented litigant to designate a primary e-mail address, subject to certain excused exceptions, and new rule 2.150 provides that a self-represented litigant is required to follow the rules of court procedure.

---

1.  We have jurisdiction.  *See* art. V, § 2(a), Fla. Const.; *see also* Fla. R. Gen. Prac. & Jud. Admin. 2.140(b).

Accordingly, the Florida Rules of General Practice and Judicial Administration are amended as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective January 1, 2025, at 12:01 a.m.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of General Practice and Judicial Administration

Hon. Santo DiGangi, Chair, Rules of General Practice and Judicial Administration Committee, West Palm Beach, Florida, Kristin A. Norse, Past Chair, Rules of General Practice and Judicial Administration Committee, Tampa, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida, and Kelly Noel Smith, Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

**APPENDIX**

**RULE 2.150.    SELF-REPRESENTED LITIGANTS**

Self-represented litigants must follow all rules of court procedure.

**RULE 2.270.    SUPREME COURT COMMITTEES ON STANDARD JURY INSTRUCTIONS**

**(a) – (b)**    [No change]

**(c)    Procedures.** Each committee on standard jury instructions ~~shall~~must adopt operating procedures necessary to carry out its responsibilities. The operating procedures must comply with the following requirements, which ~~shall~~ govern the development and approval of standard jury instructions under this rule:

(1)    All new and amended standard jury instructions being considered by a committee must be published for comment on ~~the jury instructions page of~~ The Florida Bar's website and in *The Florida Bar News*. The committee must consider all comments received before taking a final vote on the changes.

(2) – (4)    [No change]

**(d)    Membership and Organization.**

(1)    Each supreme court committee on standard jury instructions ~~shall be~~is composed of up to 36 members appointed by the chief justice, for staggered three-year terms, as follows:

(A)    The membership of each committee ~~shall~~must include at least one-third current or former district, circuit, or county court judges. The remainder of the members ~~shall~~must be attorneys who are in good standing with The Florida Bar, with a balance in the various practice areas addressed by the committee to which the attorney members are being appointed.

- 4 -

(B)    [No change]

(C)    The chief justice ~~shall~~<u>must</u> appoint 1 member of each committee to serve as chair and 1 member to serve as vice-chair, each for a one-year term subject to reappointment.

**(e)**    [No change]

**(f)    Publication of Approved Instructions.** All standard jury instructions approved for publication and use under this rule ~~shall~~<u>must</u> be published on ~~the jury instructions page of~~ The Florida Bar's website.

## RULE 2.425.    MINIMIZATION OF THE FILING OF SENSITIVE INFORMATION

**(a)    Limitation for Court Filings.** Unless authorized by subdivision (b), statute, another rule of court, or ~~the~~ court ~~orders otherwise~~, designated sensitive information filed with the court must be limited to ~~the following format~~:

(1)    ~~The~~<u>the</u> initials of a person known to be a minor;

(2)    ~~The~~<u>the</u> year of birth of a person's birth date;

(3)    ~~No~~<u>no</u> portion of any:

(A) – (E)    [No change]

(4)    ~~The~~<u>the</u> last four digits of any:

(A) – (K)    [No change]

(5)    ~~A~~<u>a</u> truncated version of any:

(A) – (D)    [No change]

(6)    ~~A~~<u>a</u> truncated version of any other sensitive information as provided by court order.

**(b)    Exceptions.** Subdivision (a) does not apply to ~~the~~

following:

(1)    ~~An~~an account number which identifies the property alleged to be the subject of a proceeding;

(2)    ~~The~~the record of an administrative or agency proceeding;

(3)    ~~The~~the record in appellate or review proceedings;

(4)    ~~The~~the birth date of a minor whenever the birth date is necessary for the court to establish or maintain subject matter jurisdiction;

(5)    ~~The~~the name of a minor in any order relating to parental responsibility, time-sharing, or child support;

(6)    ~~The~~the name of a minor in any document or order affecting the minor's ownership of real property;

(7)    ~~The~~the birth date of a party in a writ of attachment or notice to payor;

(8)    ~~In~~in traffic and criminal proceedings:

(A) – (I)    [No change]

(9)    ~~Information~~information used by the clerk for case maintenance purposes or the courts for case management purposes; and

(10)   ~~Information~~information which is relevant and material to an issue before the court.

**(c)    Remedies.** ~~Upon motion by a party or interested person or sua sponte by the court, the~~The court may order remedies, sanctions, or both for a violation of subdivision (a) on motion by a party or interested person or sua sponte by the court. ~~Following notice and an opportunity to respond, the~~The court may impose sanctions if ~~such~~the filing was not made in good faith after notice and an opportunity to respond.

- 6 -

**(d) – (e)**    [No change]

## RULE 2.430.    RETENTION OF COURT RECORDS

**(a)**    [No change]

**(b)    Permanently Recorded Records.**

(1)    ~~Court records, except exhibits, that have been permanently recorded may be destroyed or otherwise disposed of by the clerk at any time after a judgment has become final~~<u>After court records have been permanently recorded, the clerk may destroy or otherwise dispose of them any time after a judgment has become final, except exhibits or any record required to be kept in another form by any other rule</u>.

(2)    ~~Any~~<u>The clerk may destroy, retain, or dispose of any</u> physical media submitted to the clerk for the purpose of filing information contained in the media ~~may be destroyed, retained, or otherwise disposed of by the clerk once~~<u>after</u> the contents of the media have been made a part of the court record.

**(c)    Records Not Permanently Recorded.** No court records under this subdivision ~~shall be~~<u>may be</u> destroyed or disposed of until the final order, final docket entry, or final judgment is permanently recorded for, or recorded in, the public records. The time periods ~~shall~~<u>do</u> not apply to any action in which the court orders the court records to be kept until the court orders otherwise. When an order is entered to that effect, the progress docket and the court file ~~shall~~<u>must</u> be marked by the clerk with a legend showing that the court records are not to be destroyed or disposed of without a further order of court. Any person may apply for an order suspending or prohibiting destruction or disposition of court records in any proceeding. Court records, except exhibits, that are not permanently recorded may be destroyed or disposed of by the clerk after a judgment has become final in accordance with the following schedule~~:~~<u>.</u>

(1)    ~~For trial courts~~*<u>Trial Courts.</u>*

(A)  60 days after required audits are complete — ~~Parking~~parking tickets and noncriminal traffic infractions ~~after required audits have been completed~~.

(B)  2 years — ~~Proceedings under the Small Claims Rules, Medical Mediation Proceedings~~small claims and medical mediation proceedings.

(C)  5 years — ~~Noncriminal~~noncriminal ordinance violations, civil litigation proceedings in county court other than those under the Small Claims Rules, and civil proceedings in circuit court except marriage dissolutions and adoptions.

(D)  10 years — ~~Probate~~probate, guardianship, and mental health proceedings.

(E)  10 years — ~~Felony~~felony and misdemeanor cases in which no information or indictment was filed or in which all charges were dismissed, or in which the state announced a nolle prosequi, or in which the defendant was adjudicated not guilty.

(F)  75 years — ~~Juvenile~~juvenile proceedings containing an order permanently depriving a parent of custody of a child, and adoptions, and all felony and misdemeanor cases not previously destroyed.

(G)  ~~Juvenile proceedings not otherwise provided for in this subdivision shall be kept for~~ 5 years after the last entry or until the child reaches the age of majority, whichever is later — juvenile proceedings except as listed elsewhere in this subdivision.

(H)  ~~Marriage dissolutions —~~ 10 years from the last record activity. ~~The~~ —marriage dissolutions, except that the court may authorize destruction of court records not involving alimony, support, or custody of children 5 years from the last record activity.

(2)  ~~For district courts of appeal~~*District Courts of Appeal.*

(A)  [No change]

- 8 -

(B)    5 years — ~~Criminal~~criminal court records.

(3)    ~~For the Supreme Court~~*Florida Supreme Court.*

(A)    5 years — ~~All~~all cases disposed of by order not otherwise provided for in this rule.

(B)    10 years — ~~Cases~~cases disposed of by order involving individuals licensed or regulated by the court and noncriminal court records involving the unauthorized practice of law.

**(d)    Records to Be Retained Permanently.** The following court records ~~shall be~~are permanently recorded or permanently retained:

(1)    progress dockets, and other similar records generated to document activity in a case~~,~~; and

(2)    supreme court records ~~of the supreme court~~ in which the case was disposed of by opinion.

**(e)    Court Reporters' Notes.** Court reporters or persons acting as court reporters for judicial or discovery proceedings ~~shall~~must retain the original notes or electronic records of the proceedings or depositions until the times specified below~~:~~.

(1)    2 years from the date of preparing the transcript — ~~Judicial~~judicial proceedings, arbitration hearings, and discovery proceedings when an original transcript has been prepared.

(2)    10 years — ~~Judicial~~judicial proceedings in felony cases when a transcript has not been prepared.

(3)    5 years — ~~All~~all other judicial proceedings, arbitration hearings, and discovery proceedings when a transcript has not been prepared.

When an agreement has been made between the reporter and any other person and the person has paid the reasonable charges for storage and retention of the notes, the notes or records ~~shall~~must

be kept for any longer time agreed on. All reporters' notes ~~shall~~must be retained in a secure place in Florida.

**(f)    Exhibits.**

(1)    Exhibits in criminal proceedings ~~shall be~~are disposed of as provided by law.

(2)    All other exhibits ~~shall be~~are retained by the clerk until 90 days after a judgment has become final. If an exhibit is not withdrawn ~~pursuant to~~under subdivision (i) within 90 days, the clerk may destroy or dispose of the exhibits after giving the parties or their attorneys of record 30 days' notice of the clerk's intention to do so. Exhibits ~~shall be~~are delivered to any party or attorney of record calling for them during the 30-day time period.

**(g)    Disposition Other Than Destruction.** Before destruction or disposition of court records under this rule, any person may apply to the court for an order requiring the clerk to deliver to the applicant the court records that are to be destroyed or disposed of. All parties ~~shall~~must be given notice of the application. The court ~~shall~~ dispose~~s~~ of that court record as appropriate.

**(h)**    [No change]

**(i)    Right to Expunge Records.** Nothing in this rule ~~shall~~ affect~~s~~ the power of the court to order records expunged.

**(j)    Sealed Records.** No record which has been sealed from public examination by order of court ~~shall~~may be destroyed without hearing after ~~such~~ notice as the court ~~shall~~ require~~s~~.

**(k)    Destruction of Jury Notes.** At the conclusion of the trial and promptly following discharge of the jury, the court ~~shall~~ collect~~s~~ ~~all juror notes~~ and immediately destroy~~s~~ ~~the~~all juror notes.

## RULE 2.505.    ATTORNEYS

**(a)    Scope and Purpose.** All ~~persons in~~members of The Florida Bar in good standing ~~as members of The Florida Bar shall~~

beare permitted to practice law in Florida. Attorneys of other states who are not members of The Florida Bar in good standing shallcan not engage in the practice of law in Florida except to the extent permitted by rule 2.510.

**(b)** **Persons Employed by the Court.** Except as provided in this subdivision, noa full-time employee of the court shallmust not practice as an attorney in any court or before any agency of government while continuing in that position. Any attorney designated by the chief justice or chief judge may represent the court, any court employee in the employee's official capacity, or any judge in the judge's official capacity, in any proceeding in which the court, employee, or judge is an interested party. An attorney formerly employed by a court shallmust not represent anyone in connection with a matter in which the attorney participated personally and substantially while employed by the court, unless all parties to the proceeding consent after disclosure.

**(c)** **Attorney Must Not to Be Surety.** No attorneysAttorneys or other officers of court shallmust not enter themselves or be taken as bail or surety in any proceeding in court.

**(d)** **Stipulations.** NoA private agreement or consent between parties or their attorneys concerning the practice or procedure in an action shall be of any forceis unenforceable unless the evidence of it is in writing, subscribedand signed by the party or the party's attorney against whom it is allegedenforcement is sought. Parol agreements may be made before the court if promptly made a part of the record or incorporated in the stenographic notes of the proceedings,. and agreementsAgreements made at depositions that are incorporated in the transcript need not be signed when signing of the deposition is waived. This rule shalldoes not apply to settlements or other substantive agreements.

**(e)** **Appearance of Attorney.** An attorney may appear for a party in an action or proceeding in any of the following ways:.

(1) – (6)    [No change]

**(f)** **Termination of Appearance of Attorney.** An

- 11 -

appearance of an attorney for a party in an action or proceeding ~~shall terminate only upon:~~<u>terminates only in the following ways.</u>

(1)    *Withdrawal of Attorney.* A written order of the court after hearing ~~upon~~ a motion setting forth reasons for withdrawal and the client's last known address, telephone number, and e-mail address. <u>The client's e-mail address in the order is the client's designation of a primary e-mail address unless the client designates a different primary e-mail address or is excused under rule 2.516(b)(1).</u>

(2) – (6)    [No change]

**(g)**    [No change]

**(h)    Attorney as Agent of Client.** An attorney appearing in an action or proceeding ~~pursuant to~~<u>under</u> subdivisions (e)(1)–(e)(6) is the agent authorized to bind the client for purposes of the action, hearing, or proceeding.

**(i)    Attorney of Record.** An attorney appearing in an action or proceeding ~~pursuant to~~<u>under</u> subdivisions (e)(1)–(e)(5) is an attorney of record for the party for the matters specified.

**(j)    Law Student and Certified Legal Intern Participation.** Eligible law students ~~shall be~~<u>are</u> permitted to participate as provided under the conditions of ~~chapter~~<u>Chapter</u> 11 of the Rules Regulating The Florida Bar ~~as amended from time to time~~.

### Court Commentary

**1997 Amendment.** [No change]

**2003 Amendment.** [No change]

### RULE 2.560.    APPOINTMENT OF SPOKEN LANGUAGE COURT INTERPRETERS FOR NON-ENGLISH-SPEAKING AND LIMITED-ENGLISH-PROFICIENT PERSONS

**(a)    Definitions.** <u>When used in this rule, the following terms have the meanings set forth below:</u>

- 12 -

(1)　*Limited-English-Proficient Person.* A person who is unable to communicate effectively in English because the individual's primary language is not English and that person has not developed fluency in the English language. A person with limited English proficiency may have difficulty speaking, reading, writing, or understanding English.

(2)　*Proceeding.* Any hearing or trial, excluding an administrative hearing or trial, presided over by a judge, general magistrate, special magistrate, or hearing officer within the state courts.

**(b)**　**Criminal or Juvenile Delinquency Proceedings.** In~~In~~The court must appoint an interpreter in any criminal or juvenile delinquency proceeding in which the accused, the parent or legal guardian of the accused juvenile, the victim, or the alleged victim cannot understand or has limited understanding of English~~,~~ or cannot ~~express himself or herself~~be sufficiently understood in English ~~sufficiently to be understood, an interpreter shall be appointed~~.

**(b~~c~~)**　**Other Proceedings.** ~~In~~The court must appoint an interpreter in all other proceedings in which a non-English-speaking or limited-English-proficient person is a litigant~~, an interpreter for the non-English-speaking or limited-English-proficient litigant shall be appointed~~ if the court determines that the litigant's inability to comprehend English deprives the litigant of an understanding of the court proceedings, that a fundamental interest is at stake (such as in a civil commitment, termination of parental rights, paternity, or dependency proceeding), and that no alternative to the appointment of an interpreter exists.

**(e~~d~~)**　**Witnesses.** ~~In~~The applicable Florida Evidence Code provisions govern appointment of an interpreter in any proceeding in which a non-English-speaking or limited-English-proficient person is a witness~~, the appointment of an interpreter shall be governed by the applicable provisions of the Florida Evidence Code~~.

**(d~~e~~)**　**Compliance with Title VI of the Civil Rights Act of 1964.** In making determinations regarding the appointment of an

- 13 -

interpreter, the court should ensure compliance with the requirements of Title VI of the Civil Rights Act of 1964.

**(e~~e~~f)** **Qualifications of Interpreter.**

(1)    *Appointment of Interpreters When Certified or Other Duly Qualified Interpreters Are Available.* ~~Whenever possible, a~~The court should appoint a certified or other duly qualified interpreter, as defined in the Rules for Certification and Regulation of Spoken Language Court Interpreters, ~~shall be appointed~~whenever possible. Preference ~~shall be~~is given to appointment of certified and language skilled interpreters, then to persons holding a provisionally approved designation.

(2)    *Appointment of Interpreters When Certified or Other Duly Qualified Interpreters Are Unavailable.* ~~If~~A presiding judge, magistrate, or hearing officer may appoint an interpreter who is otherwise registered with the Office of the State Courts Administrator in accordance with the Rules for Certification and Regulation of Spoken Language Court Interpreters after a finding of good cause if, after diligent search, a certified, language skilled, or provisionally approved interpreter is not available~~, the presiding judge, magistrate, or hearing officer, finding good cause, may appoint an interpreter who is otherwise registered with the Office of the State Courts Administrator in accordance with the Rules for Certification and Regulation of Spoken Language Court Interpreters~~. ~~No appointment shall be made under this subdivision unless the~~The presiding judge, magistrate, or hearing officer ~~makes~~must make a determination, on the record, that the proposed interpreter is competent to interpret in the proceedings before appointing the interpreter.

(3)    *Appointment in Exceptional Circumstances.* ~~If after diligent search no interpreter qualifying under subdivision (e)(1) or (e)(2) of this rule is available at the time interpreter services are needed, the~~The presiding judge, magistrate, or hearing officer~~, finding good cause exists for the appointment of an interpreter not qualifying under subdivision (e)(1) or (e)(2), such as the prevention of burdensome delay, the request or consent of the non-English-speaking or limited-English-proficient person, or other unusual~~

- 14 -

~~circumstance,~~ after finding good cause may appoint an interpreter who is not certified, language skilled, provisionally approved, or otherwise registered with the Office of the State Courts Administrator if none are available after diligent search. ~~No appointment, including appointment of interpreters available via remote technology, shall be made under this subdivision unless the~~The presiding judge, magistrate, or hearing officer ~~finds~~must find the proposed interpreter is competent to interpret in the proceedings before appointing the interpreter. This finding must be made on the record and based~~,~~ not only on the unavailability of an interpreter otherwise qualified in a particular language, but also on specific exigent circumstances given the demands of the case and the interpreter's sworn assertion ~~he or she~~the interpreter is able, either in direct or relay/intermediary interpretation, to communicate effectively in the languages in which interpreter services are required. An appointment under this subdivision ~~shall excuse~~excuses an interpreter so appointed from the registration requirements under the Rules for Certification and Regulation of Spoken Language Court Interpreters~~, but~~ only for the delivery of the specific services for which the interpreter is appointed.

(4) *On-the-Record Objections or Waivers in Criminal and Juvenile Delinquency Proceedings.* In any criminal or juvenile delinquency proceeding in which the interpreter is not appointed under this subdivision ~~(e)(1) of this rule~~, the court ~~shall~~must advise the accused, on the record, that the proposed interpreter is not certified, language skilled, or provisionally approved ~~pursuant to~~under the Rules for Certification and Regulation of Spoken Language Court Interpreters. The accused's objection to the appointment of a proposed interpreter, or the accused's waiver of the appointment of a certified, language skilled, or provisionally approved interpreter, ~~shall~~must also be on the record.

(5) *Additional on-the-Record Findings, Objections, and Waivers Required at Subsequent Proceedings.* The appointment of an interpreter who is not certified, language skilled, or provisionally approved in accordance with the Rules for Certification and Regulation of Spoken Language Court Interpreters ~~shall be~~is limited to a specific proceeding and ~~shall~~does not ~~be~~ extend~~ed~~ to

- 15 -

subsequent proceedings in a case without additional findings of good cause and qualification as required by ~~subdivisions (e)(2) and (e)(3) of~~ this rule, and additional compliance with the procedures for on-the-record objections or waivers provided for in ~~subdivision (e)(4) of~~ this rule.

**(f)** **Privileged Communications.** Whenever a person communicates through an interpreter to any person under circumstances that would render the communication privileged and ~~such~~the person communicating through the interpreter could not be compelled to testify as to the communication, the privilege ~~shall~~ also ~~apply~~applies to the interpreter.

**~~(g)~~** **~~Definitions.~~** ~~When used in this rule, the following terms shall have the meanings set forth below:~~

~~(1)   Limited-English-Proficient Person. A person who is unable to communicate effectively in English because the individual's primary language is not English and he or she has not developed fluency in the English language. A person with limited English proficiency may have difficulty speaking, reading, writing, or understanding English.~~

~~(2)   Proceeding. Any hearing or trial, excluding an administrative hearing or trial, presided over by a judge, general magistrate, special magistrate, or hearing officer within the state courts.~~

## RULE 2.565.   RETENTION OF SPOKEN LANGUAGE COURT INTERPRETERS FOR NON-ENGLISH-SPEAKING AND LIMITED-ENGLISH-PROFICIENT PERSONS BY ATTORNEYS OR SELF-REPRESENTED LITIGANTS

**(a)** **Retention of Interpreters when Certified or Other Duly Qualified Interpreters Are Available.** When an attorney or self-represented litigant retains the services of an interpreter to assist a non-English-speaking or limited-English-proficient person as a litigant or witness in a court proceeding or court-related

proceeding as defined in the Rules for Certification and Regulation of Spoken Language Court Interpreters, the attorney or self-represented litigant shall, whenever possible, retain a certified, language skilled or provisionally approved interpreter, as defined in the Rules for Certification and Regulation of Spoken Language Court Interpreters. Preference shall be given to retention of certified and language skilled interpreters, then to persons holding a provisionally approved designation.

**(b)    Retention of Interpreters when Certified or Other Duly Qualified Interpreters Are Unavailable.** ~~If, after diligent search, a certified, language skilled, or provisionally approved interpreter is not available, an~~An attorney or self-represented litigant may retain an interpreter who is otherwise registered with the Office of the State Courts Administrator in accordance with the Rules for Certification and Regulation of Spoken Language Court Interpreters <u>if a certified, language skilled, or provisionally approved interpreter is not available after a diligent search</u>.

**(c)    Retention in Exceptional Circumstances.** ~~If, after diligent search, no interpreter qualifying under subdivision (a) or (b) of this rule is available, an~~An attorney or self-represented litigant~~, for good cause,~~ may retain an interpreter who is not certified, language skilled, provisionally approved, or otherwise registered with the Office of the State Courts Administrator <u>if none is available after diligent search</u>.

**(d)    Written Declaration Substantiating Good Cause.** ~~No interpreter shall be retained under subdivision (c) unless the~~<u>The</u> attorney or a self-represented litigant <u>seeking to retain an interpreter under subdivision (c) must first</u> ~~states~~<u>state</u> under oath or ~~affirms~~<u>affirm</u> in a verified writing that:

(1)    [No change]

(2)    neither a certified, language skilled, provisionally approved interpreter nor an interpreter otherwise registered with the Office of the State Courts Administrator is available to interpret in person or via remote technology; ~~and~~

(3) to the best of the attorney or self-represented litigant's information and belief, the proposed interpreter is competent to interpret. In addition, the written declaration shall include; and

(4) the full name, mailing address, and telephone number of the proposed interpreter; the non-English language interpreted; the date of the interpreted event; and nature of the interpreted event.

**(e) Filing and Retention of Written Declaration.** An attorney or self-represented litigant substantiating good cause under subdivision (d) shallmust submit via e-mail, a copy of the verified written declaration with the Court Interpreter Program Office in the Office of the State Courts Administrator. A prescribed form and dedicated e-mail address appear on the Court'scourt's website. The filer shall thereaftermust furnish a copy to the proposed interpreter, and shall:

(1) file the original declaration in any pending court action or administrative action and serve a copy thereof on all other parties; or

(2) if no action is pending at the time interpreter services are provided, retain the original declaration and serve a copy thereof on the non-English-speaking or limited-English-proficient person at the time interpreter services are provided. The declaration shallmust be made available to all other parties and to any state court or administrative judge, magistrate, or hearing officer upon request in any action later filed to which the interpreted event is relevant. The filing with the Office of the State Courts Administrator of a written declaration in substantial conformity with this subdivision shall excuses the proposed interpreter from the registration requirements under the Rules for Certification and Regulation of Spoken Language Interpreters for the delivery of the specific interpreter services for which certification is made.

**(f) Time for Preparation, Submission, Filing, and Service.** Verified written declarations required by this rule shallmust be

prepared, submitted to the Office of State Courts Administrator, filed with the Clerk of Court, when required, and served on all parties in advance of the proceedings to which they are relevant. When compliance with this subdivision is impossible or impracticable due to the existence of emergency or other extraordinary circumstances, the attorney or self-represented litigant shallmust:

      (1)    comply with the preparation, submission, filing, and service requirements of this rule as soon as is practicable following the conclusion of the proceeding; and

      (2)    [No change]